UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 2:23-cr-79-TPB-NPM

TIMOTHY CRAIG JOLLOFF and                   18 U.S.C. § 1343
LISA ANN JOLLOFF                            18 U.S.C. § 1344
                                            18 U.S.C. § 1956(h)
                                            18 U.S.C. § 1957

## INDICTMENT

The Grand Jury charges:

## COUNTS ONE THROUGH TWELVE
### (Wire Fraud)

### A.  Introduction

At all times material to this Indictment:

1.     TIMOTHY CRAIG JOLLOFF was a resident of the Middle

District of Florida ("MDFL") and the Northern District of Indiana ("NDIN")

and was married to LISA ANN JOLLOFF (collectively, "the JOLLOFFS").

Together with his wife, TIMOTHY CRAIG JOLLOFF purported to own and

operate Central Acquisitions, Inc., FXFWY01, Inc., FXFWY03, Inc.,

FXFWY04, Inc., FXKOK01, Inc., FXKOK02, Inc., J.P. Ganczak

Enterprises, Inc., MRK Delivery, Inc., and Schultise Enterprises, Inc., which

were all Indiana corporations. The JOLLOFFS also purported to own and

1

operate Avisal, Inc., MSN Delivery's, Inc., and TZ International, Inc., which were all Florida corporations.

2. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

### The Paycheck Protection Program

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business

(through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses. Individuals who operated under a sole proprietorship or as an independent contractor or eligible self-employment individual were also eligible to apply for a PPP loan.

5.     PPP loan applications were processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information from the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6.     PPP loan proceeds were required to be used for certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and

principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan towards payroll expenses.

7.     The Economic Aid to Hard-Hit Small Business, Nonprofits and Venues Act ("Economic Aid Act") was a federal law enacted in or around December 2020. The Economic Aid Act authorized the SBA to guarantee Second Draw PPP loans under generally the same terms and conditions available under the original PPP ("First Draw PPP Loans"). Only First Draw PPP Loan borrowers who had used, or will have used, the full amount of the First Draw PPP Loan on or before the expected date on which the Second Draw PPP Loan was disbursed could receive a Second Draw PPP loan. Further, a borrower would be eligible for a Second Draw PPP loan only if it had 300 or fewer employees and experienced a revenue reduction of 25% or greater in 2020 relative to 2019.  Second Draw PPP loan applicants were also required to make the same or similar certifications and representations concerning the use of PPP funds.

        The Economic Injury Disaster Relief Program

8.     The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.

4

9.     The CARES Act authorized the SBA to provide EIDLs of up to
$2 million to eligible small businesses experiencing substantial financial
disruption due to the COVID-19 pandemic. In addition, the CARES Act
authorized the SBA to issue advances of up to $10,000 to small businesses
within three days of applying for an EIDL. The amount of the advance was
determined by the number of employees the applicant certified having. The
advances did not have to be repaid.

10.     To obtain an EIDL and advance, a qualifying business had to
submit an application to the SBA and provide information about its operation,
such as the number of employees, gross revenues for the 12-month period
preceding the disaster, and cost of goods sold in the 12-month period
preceding the disaster. In the case of EIDLs for COVID-19 relief, the 12-
month period was that preceding January 31, 2020. For EIDL applications
submitted before May 4, 2020, an EIDL applicant was required to disclose
whether the applicant had been convicted of a criminal offense. The applicant
also had to certify that all the information in the application was true and
correct to the best of the applicant's knowledge.

11.     EIDL applications were submitted directly to the SBA. The
amount of the loan, if the application was approved, was determined based, in
part, on the information provided by the applicant about employment,

revenue, and cost of goods, as described above. Any funds issued under an EIDL or advance were issued directly by the SBA. EIDL funds could be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rents, and mortgage payments. If the applicant also obtained a loan under the PPP, the EIDL funds could not be used for the same purpose as the PPP funds.

PPP Lenders

12.     Lender 1 was a federally-insured financial institution that was insured by the FDIC and based in Cleveland, Ohio. Lender 1 participated in the SBA's PPP as a lender and was authorized to lend funds to eligible borrowers under the terms of the PPP. The JOLLOFFS also maintained and controlled bank accounts at Lender 1.

13.     Lender 2 was a federally-insured financial institution that was insured by the FDIC and based in Wilmington, North Carolina. Lender 2 participated in the SBA's PPP as a lender and was authorized to lend funds to eligible borrowers under the terms of the PPP.

Bank Accounts Controlled by the Defendants

14.     Bank 1 was a federally-insured financial institutions that was insured by the FDIC.

15.     The JOLLOFFS, individually and together, controlled and

6

maintained the following financial accounts:

a.     A checking account ending in -0919 at Bank 1 in the name of "FXKOK02 Inc" ("Bank 1 account ending in -0919"), with the JOLLOFFS as the sole signatories.

b.     A checking account ending in -0893 at Bank 1 in the name of "FXFWY04 Inc" ("Bank 1 account ending in -0893"), with the JOLLOFFS as the sole signatories.

c.     A checking account ending in -0877 at Bank 1 in the name of "MRK Delivery Inc" ("Bank 1 account ending in -0877"), with the JOLLOFFS as the sole signatories.

d.     A checking account ending in -5470 at Lender 1 in the name of "Avisal Inc." ("Lender 1 account ending in -5470"), with the JOLLOFFS as the sole signatories.

e.     A checking account ending in -5397 at Lender 1 in the name of "Central Acquisition, Inc." ("Lender 1 account ending in -5397"), with the JOLLOFFS as the sole signatories.

f.     A checking account ending in -5389 at Lender 1 in the name of "FXFWY01, Inc." ("Lender 1 account ending in -5389"), with the JOLLOFFS as the sole signatories.

g.     A checking account ending in -5462 at Lender 1 in the

7

name of "FXFWY03, Inc." ("Lender 1 account ending in -5462"), with the JOLLOFFS as the sole signatories.

      h.     A checking account ending in -5405 at Lender 1 in the name of "FXFWY04, Inc." ("Lender 1 account ending in -5405"), with the JOLLOFFS as the sole signatories.

      i.     A checking account ending in -5447 at Lender 1 in the name of "FXKOK01, Inc." ("Lender 1 account ending in -5447"), with the JOLLOFFS as the sole signatories.

      j.     A checking account ending in -5413 at Lender 1 in the name of "FXKOK02, Inc." ("Lender 1 account ending in -5413"), with the JOLLOFFS as the sole signatories.

      k.     A checking account ending in -5439 at Lender 1 in the name of "J.P. Ganczak Enterprises, Inc." ("Lender 1 account ending in -5439"), with the JOLLOFFS as the sole signatories.

      l.     A checking account ending in -5454 at Lender 1 in the name of "MRK Delivery Inc." ("Lender 1 account ending in -5454"), with the JOLLOFFS as the sole signatories.

      m.     A checking account ending in -5496 at Lender 1 in the name of "MSN Deliverys Inc." ("Lender 1 account ending in -5496"), with the JOLLOFFS as the sole signatories.

n.     A checking account ending in -5421 at Lender 1 in the name of "Schultise Enterprises, Inc." ("Lender 1 account ending in -5421"), with the JOLLOFFS as the sole signatories.

o.     A checking account ending in -5355 at Lender 1 in the name of "TZ International Inc" ("Lender 1 account ending in -5355"), with the JOLLOFFS as the sole signatories.

## B.     The Scheme and Artifice

16.     Beginning on an unknown date, but no later than in or around April 2020, and continuing through the present, in the Middle District of Florida and elsewhere, the defendants,

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## C.     Manner and Means of the Scheme and Artifice

17.     The manner and means by which the JOLLOFFS sought to accomplish the scheme and artifice to defraud included, among others, the following:

a.     It was part of the scheme and artifice to defraud that the JOLLOFFS would and did engage in a scheme to obtain money from the SBA

9

and PPP lenders by submitting false and fraudulent EIDL and PPP loan applications and certifications to the SBA, Lender 1, and Lender 2 in the names of various businesses that purported to be owned and controlled by the JOLLOFFS.

   b.   It was further part of the scheme and artifice to defraud that TIMOTHY CRAIG JOLLOFF would and did make and cause to be made materially false and fraudulent statements to the SBA in EIDL applications and loan documents, including false and fraudulent representations regarding the applicant's ownership interest, number of persons employed by the loan applicant, the applicant's gross revenues and cost of goods sold, as well as misrepresentations about the applicant's use of EIDL funds.

   c.   It was further part of the scheme and artifice to defraud that the JOLLOFFS would and did make and cause to be made materially false and fraudulent statements to Lender 1 and Lender 2 in First and Second Draw PPP loan applications, including false and fraudulent representations regarding the applicant's average monthly payroll and the number of persons employed by the loan applicant.

   d.   It was further part of the scheme and artifice to defraud that the JOLLOFFS would and did submit and cause the submission of

materially false and fictitious documents to Lender 1 and Lender 2 in support of the JOLLOFFS' First and Second Draw PPP loan applications, including false payroll documents, tax documents, and other corporate financial documents.

       e.    It was further part of the scheme and artifice to defraud that the JOLLOFFS would and did falsely and fraudulently certify that the PPP funds acquired from the requested First and Second Draw PPP loans would be used to retain workers, maintain payroll, or make mortgage interest payments, lease payments, and utility payments on behalf of the applicants.

       f.    It was further part of the scheme and artifice to defraud that LISA ANN JOLLOFF would and did falsely and fraudulently certify that First Draw PPP loan funds were only used for eligible expenses.

       g.    It was further part of the scheme and artifice to defraud that the JOLLOFFS' materially false, fraudulent, and misleading representations would and did cause the SBA, Lender 1, and Lender 2 to approve at least 11 EIDL applications, 7 First Draw PPP loan applications, and 1 Second Draw PPP loan application, resulting in the SBA, Lender 1, and Lender 2 depositing approximately $3,403,265 in EIDL, EIDL Advance, and PPP funds into accounts controlled by the JOLLOFFS.

       h.    It was further part of the scheme and artifice to defraud

that the JOLLOFFS would and did use and cause EIDL and PPP funds to be used for unauthorized purposes and for their own personal enrichment, including the purchase of residences in Fort Myers, Florida and Indiana, a 2019 GMC Sierra truck, pontoon boats, a landscape and furniture business, and to make personal credit card payments.

i.   It was further part of the scheme and artifice to defraud that the JOLLOFFS would and did misrepresent, hide, and conceal, and cause to be misrepresented, hidden and concealed, the purpose of the acts performed in furtherance of the scheme to defraud.

D.   **Execution of the Scheme and Artifice**

18.   On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendants,

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

for the purpose of executing the scheme and artifice described above, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DEFENDANT | DATE OF WIRE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|---|
| ONE | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of Avisal, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| TWO | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of MRK Delivery, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| THREE | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of FXFWY03, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| FOUR | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of Schultise Enterprises, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| FIVE | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of FXKOK01, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| SIX | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of Central Acquisitions, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |

| SEVEN | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of FXFWY01, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
|---|---|---|---|
| EIGHT | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of FXFWY04, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| NINE | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of FXKOK02, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| TEN | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of TZ International, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| ELEVEN | TIMOTHY CRAIG JOLLOFF | April 4, 2020 | Electronic transmission of fraudulent EIDL application in the name of JP Ganczak Enterprises, Inc. from the MDFL to the SBA's servers located outside the State of Florida. |
| TWELVE | LISA ANN JOLLOFF | March 10, 2021 | Electronic transmission of a fraudulent Second Draw PPP application in the name of FXFWY01, Inc. from the MDFL to Lender 2's servers located outside the State of Florida. |

14

In violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS THIRTEEN THROUGH NINETEEN
### (Bank Fraud)

### A.   Introduction

1.     The Grand Jury hereby realleges paragraphs 1 through 15a-15o of Counts One through Twelve of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

### B.   The Scheme and Artifice

2.     Beginning on an unknown date, but no later than in or around April 2020, and continuing through the present, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY CRAIG JOLLOFF,

did knowingly and intentionally execute, and attempt to execute, a scheme and artifice to defraud a financial institution, and to obtain monies, funds, credits, assets, and other property owned by, and under the custody and control of, a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

### C.   Manner and Means of the Scheme

3.     The manner and means of the scheme and artifice are set forth in Paragraphs 17a, 17c – 17e, and 17g – 17i, of Counts One through Twelve of this Indictment, the allegations of which are realleged and incorporated by

reference as if fully set forth herein.

### D. Execution of the Scheme

4.      On or about the dates set forth below, in the Middle District of Florida and elsewhere, the defendant,

TIMOTHY CRAIG JOLLOFF,

knowingly and with intent to defraud executed and attempted to execute the scheme and artifice to defraud a financial institution whose deposits were insured by the FDIC, as described above, and knowingly and with intent to defraud executed and attempted to execute the scheme and artifice to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of a financial institution whose deposits were insured by the FDIC, by means of materially false and fraudulent pretenses, representations, and promises, as described above, in that TIMOTHY CRAIG JOLLOFF caused, and attempted to cause, the following PPP loans to be made:

| COUNT | DATE | EXECUTION |
|-------|------|-----------|
| THIRTEEN | April 4, 2020 | $890,900 First Draw PPP loan from Lender 1 in the name of J.P. Ganczak Enterprises, Inc. |
| FOURTEEN | May 4, 2020 | $39,013 First Draw PPP loan from Lender 2 in the name of FXFWY01, Inc. |
| FIFTEEN | May 4, 2020 | $37,825 First Draw PPP loan from Lender 2 in the name of FXFWY03, Inc. |

| SIXTEEN | May 4, 2020 | $93,863 First Draw PPP loan from Lender 2 in the name of FXFWY04, Inc. |
|---|---|---|
| SEVENTEEN | May 4, 2020 | $58,868 First Draw PPP loan from Lender 2 in the name of FXKOK02, Inc. |
| EIGHTEEN | May 4, 2020 | $96,262 First Draw PPP loan from Lender 2 in the name of Schultise Enterprises, Inc. |
| NINETEEN | May 5, 2020 | $84,445 First Draw PPP loan from Lender 2 in the name of MRK Delivery, Inc. |

In violation of 18 U.S.C. §§ 1344 and 2.

## COUNT TWENTY
### (Conspiracy to Commit Money Laundering)

### A. Introduction

1.      The Grand Jury hereby realleges Paragraphs 1 through 15a-15o of Counts One through Twelve of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

### B. The Conspiracy

2.      Beginning on an unknown date, but no later than in or around April 2020, and continuing through the present, in the Middle District of Florida and elsewhere, the defendants,

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

did knowingly combine, conspire, and agree with each other and other persons known and unknown to the Grand Jury to commit certain offenses

17

against the United States, in violation of 18 U.S.C. § 1957, to wit: to knowingly engage and attempt to engage in monetary transactions in and affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, which property was, in fact, derived from a specified unlawful activity, namely, wire fraud, in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344.

### C.   **Manner and Means**

3.     The Grand Jury realleges Paragraphs 17a – 17i of Counts One through Twelve of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWENTY-ONE THROUGH TWENTY-FOUR
### (Illegal Monetary Transactions)

### A.  **Introduction**

1.     The Grand Jury hereby realleges Paragraphs 1 through 15a-15o and 17a – 17i of Counts One through Twelve of this Indictment and incorporates such paragraphs by this reference as though fully set forth herein.

### B.  **Offense**

2.     On or about the dates listed below, in the Middle District of Florida and elsewhere, the defendants,

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

did knowingly engage and attempt to engage in the monetary transactions

described below, and aided and abetted each other and others in engaging in

the monetary transactions described below, in and affecting interstate and

foreign commerce, in criminally derived property of a value greater than

$10,000.00, which property was, in fact, derived from a specified unlawful

activity, namely, wire fraud, in violation of 18 U.S.C. § 1343 and bank fraud,

in violation of 18 U.S.C. § 1344, specifically:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| TWENTY-ONE | May 19, 2020 | $56,355.66 check from the Lender 1 account ending in -5470 issued to Sam Galloway Ford or an individual with the initials K.S. for the purchase of a 2019 GMC Sierra truck. |
| TWENTY-TWO | June 3, 2020 | $71,764 wire transfer from the Lender 1 account ending in -5355 to a realty and title company for the purchase of a residence in Fort Myers, Florida. |
| TWENTY-THREE | July 7, 2020 | $114,900 wire transfer from the Lender 1 account ending in -5496 to a boat seller for the purchase of a 2018 Crest 270 Continental pontoon boat. |
| TWENTY-FOUR | October 5, 2020 | $325,724.61 wire transfer from the Lender 1 account ending in -5496 to a law firm in Naples, Florida for the purchase of a lawn care and landscape company. |

In violation of 18 U.S.C. §§ 1957 and 2.

## **FORFEITURE**

1.      The allegations contained in Counts One through Twenty-Four, are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendants,

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      Upon conviction of a violation of 18 U.S.C. § 1344, the defendants,

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

4.      Upon conviction of a violation of 18 U.S.C. §§ 1956(h) and/or 1957, the defendants,

20

TIMOTHY CRAIG JOLLOFF and
LISA ANN JOLLOFF,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any

property, real or personal, involved in such offense, or any property traceable

to such property.

5.     The property to be forfeited includes, but is not limited to, an

order of forfeiture in the amount of approximately $3,403,265, which

represents the proceeds obtained from the offenses as well as the amount

involved in the offenses, as well as a 2019 GMC truck with Vehicle

Identification Number 1GTU9FEL9KZ402935, which was purchased with

proceeds obtained from the offenses.

6.     If any of the property described above, as a result of any act or

omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third

party;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be

divided without difficulty,

21

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and

28 U.S.C. § 2461(c).

A TRUE BILL

Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Trenton J. Reichling
Assistant United States Attorney

By: _____
Christopher F. Murray
Assistant United States Attorney
Chief, Criminal Division (South)

22

FORM OBD-34
APR 1991

No. 2:23-cr-

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Fort Myers Division

## THE UNITED STATES OF AMERICA

vs.

## TIMOTHY CRAIG JOLLOFF and
## LISA ANN JOLLOFF

## INDICTMENT

Violations:

18 U.S.C. §§ 1343, 1344, 1956(h), 1957

A true bill.

Foreperson

Filed in open court this 12th day

Of July, 2023.

_____

Clerk

Bail $_____

GPO 863 525